ERVIN, Judge.
This is an appeal from a final order of the Unemployment Appeals Commission, denying Janice Colon’s application for unemployment benefits on the ground that she had made inadequate efforts to maintain her employment. We reverse, with directions that Colon’s application be granted, because there is no support in the record for the Commission’s conclusion.
In order to renew her certification as a speech pathologist at a public school, Colon was required by the terms of her employment contract to obtain a master’s degree or enroll in a master’s program. Colon testified that she applied to the master’s programs at University of Central Florida and Nova University, but was not accepted. The appeals referee found that Colon took adequate steps to obtain enrollment in a master’s program but was unsuccessful, and that her claim should thus be accepted. The Commission reversed, concluding that Colon voluntarily left her job, because she did not attempt to enter a program until her final year of certification and applied to only two universities. “She did not apply to any of the other universities in the state, public or private, which offer similar programs.” Accordingly, Colon made “insufficient efforts to maintain her employment,” thus her separation from employment was caused by disqualifying circumstances. We cannot agree.
Section 443.101(l)(a), Florida Statutes (1995), precludes unemployment compensation benefits for a former employee who was discharged for misconduct, or who “has voluntarily left his work without good cause attributable to his employing unit.” There is no claim of misconduct in this case, only that Colon voluntarily left her job. As the Florida Supreme Court pointed out in Gulf County School Board v. Washington, 567 So.2d 420, 422-23 (Fla.1990), short of misconduct, one who is terminated for the reason that he or she cannot meet a condition of employment is not considered to have “voluntarily left his employment without good cause attributable to his employer” under section 443.101(l)(a).
Thus, the Commission’s articulated reason that Colon failed to apply to other universities within the state was an insufficient legal basis on which to deny benefits. Accordingly, the order is reversed and the cause remanded with directions that Colon’s application be granted.
REVERSED and REMANDED.
DAVIS, J., and SMITH, Senior Judge, concur.